

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-16-2005

# Vile v. Klem

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3914

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Vile v. Klem" (2005). *2005 Decisions.* Paper 1184.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1184

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-198                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3914
_____

THOMAS S. VILE,
Appellant

v.

ED KLEM, Superintendent, SCI Retreat;
CHARLES ERICKSON, Deputy Superintendent
of Facility Management, SCI Retreat;
JOSEPH J. PIAZZA, Deputy Superintendent
of Centralized Services, SCI Retreat;
MIKE HOOVER, Intelligence/Security
Captain, SCI Retreat;
JOSEPH L. LENGYEL, Grievance Coordinator/Superintendent's
Assistant, SCI Retreat;
JOSEPH MATALONI, Correctional Health Care
Administrator, SCI Retreat;
RENALDO DIAZ, Doctor (Correctional Physician's
Services), SCI Retreat;
JAMES UPDYKE, Physician's Assistant, SCI Retreat;
GEORDETTE KASPERYCHK, Nursing Supervisor, SCI Retreat;
DALE HAZLAK, Unit Manager for A-Housing Unit, SCI Retreat;
M. RUCKLE, Mail Room Supervisor, SCI Retreat;
ROBERT JESSE, Correctional Officer, SCI Retreat;
RUTKOWSKI, Correctional Officer, SCI Retreat;
Unknown Dr., Anesthesiologist,
Wilkes-Barre General Hospital;
DELLA ROSSA, Physician, Wilkes-Barre General Hospital;
DOCTOR LUCCHINO, Surgeon
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 02-cv-00285)
District Judge:  Honorable Malcolm Muir

_____

Submitted For Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
April 14, 2005

Before: ROTH, BARRY and SMITH, <u>Circuit</u> <u>Judges</u>

(Filed:  May 16, 2005)
_____


OPINION
_____

PER CURIAM


Appellant, Thomas Vile, appeals the District Court's order dismissing his <u>pro</u> <u>se</u> civil rights complaint.  Upon consideration of the record, we conclude that the appeal presents no arguable issues of fact or law.  Thus, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

Vile filed a complaint pursuant to 42 U.S.C § 1983 in the United States District Court for the Middle District of Pennsylvania alleging that various officials and correctional officers at SCI-Retreat, as well as physicians and surgeons at Wilkes-Barre General Hospital, violated his First, Eighth, Thirteenth and Fourteenth Amendment rights. The District Court, through its adoption of particular portions of the Magistrate Judge's Report and Recommendation and its own supplemental analysis, determined that defendants were entitled to have summary judgment granted in their favor.

2

With respect to the Eighth Amendment claims against defendants Diaz and Updyke for the care appellant received after being discharged from the prison infirmary, the District Court concluded that Vile failed to establish that the defendants were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97 (1976). Summary judgment was likewise held to be warranted with respect to Vile's Eighth Amendment claims against the correctional defendants insofar as they were not deliberately indifferent for allegedly failing to respond to Vile's medical complaints when he was already being treated by the prison doctor and other health care professionals. Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). Insofar as Vile failed to present evidence that defendant Jesse used force on him maliciously and sadistically for the very purpose of causing harm, summary judgment was entered against him on his Eighth Amendment excessive force claim.

Vile's Eighth Amendment failure to protect claims against defendants Rutkowski, Hazlak, Erickson and Piazza fared no better as appellant failed to present any evidence that he faced a substantial risk of serious harm from other prisoners, or that defendants knew he faced a substantial risk such that they could be considered deliberately indifferent to that risk. Farmer v. Brennan, 511 U.S. 825, 833 (1994). Additionally, a lack of summary judgment evidence proved fatal to Vile's claim that defendant Hazlak had appellant confined to the Restricted Housing Unit in retaliation for his complaints about another inmate. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

Judgment was entered in favor of defendant Ruckle on Vile's access to the courts claim given his failure to present any evidence from which a reasonable factfinder could conclude that he suffered an actual injury as required by the Supreme Court in Lewis v. Casey, 518 U.S. 343, 350 (1996). To the extent that Vile's claim against defendant Ruckle could be construed as a First Amendment free speech claim, the District Court determined that no reasonable factfinder could conclude that the three instances referenced by appellant constituted "a pattern or practice" of tampering with Vile's mail. See Bieregu v. Reno, 59 F.3d 1445, 1452 (3d Cir. 1995), overruled on other grounds, Lewis v. Casey, 518 U.S. 343 (1996). Likewise, no constitutional violation was established with respect to problems appellant allegedly encountered in using the institution's grievance procedure, or with respect to his due process claim relating to his stolen property – the latter claim having been rendered moot by the compensation defendants awarded Vile in an amount agreed upon as the value of the stolen property.

Finally, it was ultimately determined that, based on the undisputed material facts supported by the record evidence, Vile's Eighth Amendment claim against defendant Lucchino failed as a matter of law. Having reviewed Dr. Lucchino's motion for summary judgment, statement of facts and supporting brief, as well as Vile's opposing brief and counter statement of facts, the District Court concluded that Vile failed to show that there remained a genuine issue requiring submission of the matter to a jury on any of the three specific allegations underlying Vile's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 322-

4

23 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 251-52 (1986). In particular, the medical records demonstrated that provisions had originally been made for a local anesthetic to be administered and that the decision to administer general anesthesia originated with the anesthesiologist, that no evidence existed to indicate that Vile's health was jeopardized by the withdrawal of blood, and that there was no evidence of deliberate indifference on the part of Dr. Lucchino (or anyone else for that matter) with respect to Vile's fall off of the operating room table. Moreover, insofar as allegations of medical malpractice and expressions of mere disagreement as to proper medical treatment are insufficient to establish a constitutional violation, the District Court concluded that Dr. Lucchino was entitled to judgment as a matter of law. <u>See</u> <u>Spruill v. Gillis</u>, 372 F.3d 218, 235 (3d Cir. 2004).

Having carefully reviewed the record on appeal, we agree with the District Court's conclusion that defendants were entitled to have judgment entered in their favor. As there is little, if anything, we can add to the well-reasoned analysis set forth in the adopted portions of the Magistrate Judge's Report and Recommendation and the District Court's Orders, we will dismiss appellant's appeal without further discussion pursuant to 28 U.S.C. § 1915(e)(2)(B) as it is lacking in legal merit. <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989).

5